Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 1317 (04 CR 885) | **DATE** | June 23, 2011 |
| **CASE TITLE** | *Victor Powell v. United States* | | |

**DOCKET ENTRY TEXT**

Because there is no filing fee for filing a motion under 28 U.S.C. §2255, petitioner Victor Powell's motion to proceed *in forma pauperis* [8-1] is denied as unnecessary. The court construes Powell's motion for leave to supplement [7-1] as a motion for leave to file a reply brief, which is granted. Because the court had not scheduled a date for Powell's reply brief, his motion to file the reply brief *nunc pro tunc* to March 31, 2011 [9-1] is also denied as unnecessary. For the reasons detailed below, Powell's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1-1] is denied. Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the court declines to issue a certificate of appealability because Powell has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

# STATEMENT

Movant Victor Powell was indicted on 18 counts related to prostitution, including transporting minors across state lines in order to prostitute them. He was originally represented by counsel and entered into a plea agreement with the government. After a lengthy plea colloquy, the court accepted Powell's guilty plea to one count of transporting a minor across state lines with the intent that she engage in prostitution. *See* 18 U.S.C. § 2423(a). Powell's counsel then withdrew and, after multiple hearings, the court allowed Powell to waive his right to counsel and proceed *pro se*, although the court appointed standby counsel to assist Powell if he so desired. His sentencing range under the U.S. Sentencing Guidelines was life, but his statutory maximum sentence was 360 months, the sentence the court imposed. He appealed on the sole ground that that his waiver of his right to counsel was not knowing and voluntary. The Seventh Circuit affirmed.

Powell has now filed a motion under 28 U.S.C. § 2255 in which he contends that he is entitled to have his judgment and sentence vacated, set aside, or corrected on the following three grounds: (1) his guilty plea was not knowing and voluntary because (a) his attorney threatened to quit if Powell refused to plead guilty, and (b) his attorney never told him that one of his victims, Veronique Neita, had signed an affidavit denying that Powell forced her into prostitution or knew that she was under 18; (2) he received ineffective assistance of counsel because his attorney (a) never told him about Neita's affidavit, and (b) threatened to quit if Powell refused to plead guilty; and (3) no factual basis supported the court's application of increases to Powell's offense level.

# STATEMENT

## A. Guilty Plea

The court turns first to Powell's argument that his guilty plea was not knowing and voluntary. To succeed, the burden falls on Powell to "show a fair and just reason for requesting the withdrawal." *See* Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010) ("When a proper Rule 11 colloquy has taken place, a guilty plea enjoys a presumption of verity and . . . [a] defendant's burden of showing the existence of a fair and just reason is heavy in such circumstances."). The government contends that Powell procedurally defaulted the issue of whether his guilty plea was knowing and voluntary because he failed to raise the issue in his direct appeal. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). However, even if no procedural default occurred, Powell would still not prevail on either of his arguments for invalidating his guilty plea.

### 1. Counsel's Alleged Threat to Withdraw

Powell argues that he pleaded guilty under the duress of his counsel's threat to withdraw if Powell insisted on proceeding to trial. His argument is unavailing for two reasons. First, this court engaged Powell in a detailed plea colloquy before accepting his guilty plea. The colloquy included the following exchange about whether Powell had been coerced into pleading guilty:

> THE COURT: All right, sir. Has anybody forced you in any way to cause you to plead guilty?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: All right. Has anybody threatened you in any way to cause you to plead guilty?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Okay. Apart from this plea agreement, have there been any promises made to you, or have there been any threats or coercion made to you by the U.S. Attorney's office or anybody else to induce you to plead guilty?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Is your decision to plead guilty entirely voluntary?
>
> THE DEFENDANT: Yes, ma'am.

Plea Colloquy Transcript [211-1] at 22. During the colloquy, Powell also acknowledged that if he could not afford his own attorney, one would be appointed to represent him. The court accepted Powell's guilty plea only after being convinced that his plea was knowing, that he was satisfied with counsel's representation, that Powell knew he could obtain a different attorney if he was unsatisfied with his counsel and could not afford different counsel, and that his counsel had not induced him into pleading guilty.

Second, after Powell pleaded guilty, his counsel withdrew, and Powell filed a motion to withdraw his guilty

plea based upon his counsel's alleged ineffectiveness. Notably, the basis for Powell's ineffective assistance of counsel claim was not that counsel had threatened to withdraw. Instead, Powell argued that counsel failed to inform him that the subject of his indictment was not "Victor Powell," a "real living flesh and blood man," but rather "VICTOR POWELL®," a "strawman/trade name/paper fiction/debtor."

In light of the court's extensive colloquy at Powell's change of plea hearing, as well as Powell's failure to raise the issue of counsel's alleged threat to withdraw at the time Powell argued that his guilty plea was the result of counsel's ineffectiveness, Powell has not met his burden of demonstrating that his guilty plea was not knowing and voluntary because of alleged threats to withdraw by counsel.

### 2.  Counsel's Failure to Tell Him of Veronique Neita's Affidavit

Powell also argues that his guilty plea was not knowing and voluntary because his counsel never told him that victim Veronique Neita had prepared an affidavit that was exculpatory of Powell. Powell asserts that had he known about the affidavit, he would never have pleaded guilty.

However, in a new affidavit from Neita that Powell attached to his § 2255 motion, Neita states:

> When I became aware that I was Individual "B" in the criminal complaint and indictment against Victor Powell, I wrote a hand written, sworn and notarized affidavit regarding the events and facts surrounding the criminal case pending against Victor Powell, and on February 17, 2006, sent a copy of that affidavit to hi[m], using standard U.S. mail service, while he was incarcerated at Kenosha County Jail.

Affidavit of Veronique Neita (attached as exhibit A to Powell's § 2255 Motion [1-1]) ¶ 2. Neita goes on to state that she prepared a second affidavit on January 2, 2007, at the office of Powell's attorney.

Presumably the subject of Powell's § 2255 motion is the second affidavit from Neita. However, even if counsel never told Powell about the second affidavit, Powell nevertheless knew that Neita had prepared a favorable affidavit because he received one directly from Neita. Powell does not contend that he never received the affidavit from Neita, or that it differed in substance from the affidavit she gave to Powell's counsel. Accordingly, he has not satisfied his burden of demonstrating that he was unaware of Neita's affidavit.

### B.  Ineffective Assistance of Counsel

A petitioner bears a "heavy burden in proving that [his] attorney rendered ineffective assistance of counsel." *United States v. Holland*, 992 F.2d 687, 691 (7th Cir. 1993). To prevail, the petitioner must establish that: (1) his attorney's representation "fell below an objective standard of reasonableness"; and (2) his defense was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner bears the burden of both proof and persuasion that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment . . . [and] that the deficient performance prejudiced the defense." *United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1993) (internal quotation marks and citation omitted).

Powell contends that he was prejudiced by his counsel's deficient performance in two ways. First, he

contends that his attorney was ineffective because he threatened to quit if Powell did not plead guilty which, in fact, induced Powell to plead guilty. But for the reasons discussed above, Powell has failed to demonstrate that he was induced into pleading guilty.

Second, Powell contends that he was prejudiced by counsel's failure to advise him of Neita's affidavit. However, as discussed above, Powell already knew about Neita's affidavit and potentially exculpatory testimony if called as a witness because she mailed an affidavit directly to Powell.

Because Powell has identified no prejudice, he cannot establish ineffective assistance of counsel.

**C.      Sentencing Guidelines**

Finally, Powell argues that evidence elicited at his sentencing did not support the court's application of several increases to his offense level calculated under the U.S. Sentencing Guidelines. However, in his direct appeal he failed to raise any issue regarding the calculation of his sentencing range. "An issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (emphasis in original). Nowhere in Powell's § 2255 motion or any of his supplemental materials has Powell attempted to identify good cause or establish a fundamental miscarriage of justice.

In any event, he cannot establish a miscarriage of justice because the evidentiary record supported the court's calculations. For instance, Powell argues that he should not have received a four-level increase for burning a victim's leg on a motorcycle tailpipe because there was no evidence that he owned the motorcycle. Similarly, he argues that he should not have received increases for other injuries inflicted on his victims because there are no medical or other records of the injuries. However, the government introduced at sentencing testimony from an FBI agent as well as the grand jury testimony of Powell's victims that supported all of the increases to Powell's offense level. One of the increases was also supported by testimony from one of the victims at the sentencing hearing, who described how Powell "hit me with one of his rings that cut my face, and another time with a belt on my back. I have a little cut." Sentencing Transcript [221-1] at 79. The evidence supported the court's calculations and, therefore, no miscarriage of justice has occurred.

## CONCLUSION

For the reasons stated, Powell's § 2255 motion is denied. Pursuant to Rule 11of the Rules Governing § 2255 Proceedings, this court must also either issue or deny a certificate of appealability. Under 28 U.S.C. § 2253(c), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Powell has made no such showing and, therefore, the court declines to issue a certificate of appealability.

rs/cpb