Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 1317 | **DATE** | October 6, 2011 |
| **CASE TITLE** | *Victor Powell v. United States of America* | | |

**DOCKET ENTRY TEXT**

Movant Victor Powell's motion for an extension of time to file a notice of appeal [12-1] is granted. His time to appeal this court's June 23, 2011, order denying his motion under 28 U.S.C. § 2255 and declining to issue a certificate of appealability is extended to 14 days after the date this order is entered. The clerk is directed to forward a copy of this order to the Seventh Circuit Court of Appeals.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

On June 23, 2011, this court denied movant Victor Powell's motion to vacate his sentence under 28 U.S.C. § 2255, and declined to issue a certificate of appealability. Under Federal Rule of Appellate Procedure 4(a)(1)(B), the deadline to appeal the court's order was 60 days after entry of the order, or August 22, 2011, but Powell did not meet that deadline.

According to Powell, at the time the court denied his § 2255 motion, he was on lockdown status in the special housing unit at his correctional facility in Gilmer, West Virginia. As a result, Powell states that he did not have access to the facility's law library or any other legal assistance and, therefore, did not know what to do in order to appeal the June 23, 2011, order. Powell remained on lockdown status until August 23, 2011. On September 12, 2011, after realizing that his time to appeal had passed during his time on lockdown, he mailed a motion to extend his time to appeal. His motion is accompanied by a memorandum from the manager of his unit at his correctional facility confirming the dates that Powell was on lockdown status, as well as the fact that Powell did not have access to the law library or other legal assistance.

Under Federal Rule of Appellate Procedure 4(a)(5), a district court may extend the time to appeal if the party (1) files for an extension no later than 30 days after the time to appeal expired, and (2) shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A). If the party satisfies both of those conditions, the court may extend the time to appeal up to 30 days after the time would normally expire, or up to 14 days after entry of the order granting the extension, whichever is later. *See* Fed. R. App. P. 4(a)(5)(C).

Because he is an inmate, Powell's motion for an extension of time to appeal is considered filed on the date he mailed it, September 12, 2011. *See* Fed. R. App. P. 4(c)(1). His motion was therefore filed no later than 30 days after the time to appeal expired, which occurred on August 23, 2011. Powell has also satisfied the requirement that he show either good cause or excusable neglect for having missed the deadline because he

| STATEMENT |
|---|

was on lockdown status and therefore lacked access to the information he needed to timely appeal. *See Stephanski v. Superintendent of Upstate Correctional Facility*, No. 02 CV 562, 2007 WL 210399, at *1 (W.D. N.Y. Jan. 25, 2007) (collecting cases in which being on lockdown status without access to legal materials was found to be good cause under Fed. R. App. P. 4(a)(5)).

Accordingly, the court grants Powell's motion for an extension of time to appeal. His time to appeal is extended to 14 days after the entry of this order granting his motion. *See* Fed. R. App. P. 4(a)(5)(C).

rs/cpb